UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONICA PONCE,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | **CLASS ACTION COMPLAINT FOR BREACH OF IMPLIED CONTRACT AND DECLARATORY RELIEF** |

Plaintiff, Veronica Ponce, on behalf of herself and all other persons similarly situated, seeks redress against Defendant Target Corporation for breach of implied contract for failing to secure and safeguard customers' private financial information – including credit and debit card information -- as follows;

## INTRODUCTION

1. This action is brought to obtain redress for damages sustained by the Plaintiff and other members of the Class as a result of the failure of the Defendant to maintain the security of private and confidential financial and personal information of Defendant's credit and debit card customers at Target Stores throughout the United States.

2. As reported by the Chicago Tribune on December 19, 2013, "Target Corp said data from about 40 million credit and debit cards might have been stolen from shoppers at its stores during the first three weeks of the holiday shopping season. The data theft, unprecedented in its ferocity, took place over a 19-day period that began the day before Thanksgiving…. Target said the breach, second-largest

hack at a U.S. retailer, might have compromised accounts between Nov. 27 and Dec. 15, a period of nearly three weeks."

3. Krebs on Security, a security industry blog, said the breach involved nearly all of Target's stores – which number 1,797 -- in the United States and investigators believed the data was obtained via software installed on point-of-sales terminals used to swipe magnetic strips on payment cards.

4. Target has admitted that, "Approximately 40 million credit and debit card accounts may have been impacted between Nov. 27 and Dec. 15, 2013." http://pressroom.target.com/news/target-confirms-unauthorized-access-to-payment-card-data-in-u-s-stores.

5. As a result of this breach of security, Class members' debit cards and credit cards were exposed; Plaintiff and Class members were required to expend time, energy and expense to address and resolve these financial disruptions and mitigate the consequences by purchasing credit monitoring and/or identity theft protection; and they suffered consequent emotional distress and their credit and debit card information is at an increased risk of theft and unauthorized use.

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(d), because the amount in controversy exceeds $5 million, at least one Plaintiff has citizenship diverse from the Defendant, and there are more than 100 class members.

7. Venue is proper in this Court under 28 U.S.C. §1391 because Defendant operates stores within this District and the conduct of the Defendant upon which the Plaintiffs' claims are based occurred primarily within this District.

**PARTIES**

8. Plaintiff, Veronica Ponce is a resident of Illinois.

9. Defendant Target Corporation ("Target") is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota. Target owns and operates stores throughout the United States including in Broadview, Illinois which is located in this District.

**FACTS**

10. During the Class Period, Defendant failed to adequately safeguard and protect the private and confidential debit card and credit card information of Plaintiffs and Class members, so that wrongdoers were able to obtain access to such data within Defendant's information technology systems or in the course of transmission of the data to financial institutions.

11. Lack of adequate security in Defendant's information technology systems enabled the wrongdoers to install software used on point-of-sales terminals used to swipe magnetic strips on payment cards.

12. Defendant did not adequately monitor their information technology system for the presence of foreign software in a manner that would enable them to detect this intrusion, so that the breach of security and diversion of customer information was able to continue unnoticed for over two weeks during the height of the 2013 Holiday shopping season. This was an act which harmed Plaintiff and

Class members by increasing the risk of future harm that Plaintiff and Class members would have otherwise faced, absent the defendant's action.

13. Plaintiff visited the Target store in Broadview, Illinois and charged purchases on December 11, 2013. Plaintiff has suffered damages present damages that are meant to mitigate the increased risk of future harm caused by Target's inadequate security and breach of implied contract. Plaintiff took actions to mitigate harm by paying for credit monitoring protection.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf on herself and all other persons similarly situated. The Class consists of all persons or entities anywhere in the United States, who made purchases at stores owned or operated by Defendant during the period from November 27, 2013 through December 15, 2013.

15. The exact number of Class members and their identities are unknown at this time. However, since as many as 40 million debit card and credit card numbers of Defendant' customers were stolen, the Class members are so numerous that joinder of all individual Class Members is impracticable.

16. Questions of law and fact common to all Class members predominate over any questions affecting only individual members, including the following:

A. Whether Defendant breached implied contracts with Class members by failing properly to safeguard their private and confidential financial and personal data. See *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151 (1st Cir. 2011).

  B. Whether Defendant should compensate Plaintiff and class members for damages for the increased risk of future harm and costs expended to mitigate harm. See *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151, 163 (1st Cir. 2011) citing to *Toledo P. & W. Ry. v. Metro Waste Sys.,* 59 F.3d 637 (7th Cir. 1995).

  17. Plaintiff's claim is typical of the claims of all Class members, because all such claims arise from the same set of facts regarding Defendant's breach of implied contract and its failures to protect Plaintiff's and Class members' private and confidential financial and personal data during the 2013 Holiday shopping season.

  18. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel with class action experience for the prosecution of this case.

  19. Plaintiff has no interest that is antagonistic to the interests of other class members.

  20. This class action is superior to other available methods for fairly and efficiently adjudicating Class members' claims because:

  A. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation, while also providing redress for claims that may be too small to support the expense of individual cases;

  B. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, which could establish incompatible standards of conduct for the Defendant or allow some Class members' claims to affect adversely other Class members' abilities to protect their interests;

## COUNT I – BREACH OF IMPLIED CONTRACT

21. Plaintiff incorporates allegations in paragraphs 1 through 20 herein.

22. When Plaintiff confided her private and confidential debit card and credit card information to Defendant in order to make purchases at Defendant's store, Plaintiff and Class members entered into implied contracts with Defendant under which Defendant agreed to safeguard and protect all such information.

23. Plaintiff and Class members would not have entrusted their private and confidential financial and personal information to Defendant in the absence of such an implied contract with Defendant.

24. Defendant breached the implied contracts it had made with Plaintiff and Class members by failing to safeguard such information.

25. The damages sustained by Plaintiffs and Class members as described above were the direct and proximate result of Defendant's breaches of these implied contracts.

## COUNT II
## DECLARATORY JUDGMENT ACT

26. Plaintiff seeks a declaration that Defendant has breached an implied contract between it and Plaintiff and Class members by allowing unauthorized third-parties to access personal financial data.

27. Plaintiff seeks a declaration that Defendant be ordered to compensate Plaintiff and Class Members to pay for mitigation in the form of credit monitoring and identity theft insurance and also be ordered to indemnify Plaintiff and Class members for future harm.

**JURY DEMAND**

1. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

2. Plaintiff prays for the following relief:

    a. Judgment against Defendant for damages;

    b. Declaratory Relief;

    c. Costs of the lawsuit;

    d. For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Hyslip & Taylor, LLC

                By:    s/ Mark T. Lavery
                     One of Plaintiff's Attorneys

Mark T. Lavery
Hyslip & Taylor LLC LPA
917 W. 18th Street, Suite 200
Chicago, IL 60608
312-508-5480
Mark@lifetimedebtsolutions.com